**SOUTH SIDE BANK & TRUST CO.,**
Plaintiff-Appellant,

v.

**UNITED STATES of America,**
Defendant-Appellee.

No. 11271.

United States Court of Appeals,
Seventh Circuit.

April 19, 1955.

Harold J. Green, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Plaintiff, a banking corporation (sometimes hereinafter referred to as the "bank"), appeals from a judgment entered by the district court in favor of the defendant (sometimes hereinafter referred to as the "government"), in a suit brought by plaintiff for $10,000 plus attorney's fees, under 28 U.S.C.A. § 1346.

The case was submitted to the district court on the complaint and an answer filed by the government, together with a stipulation of facts.

It appears that the government through the Public Housing Administration ordered seven house trailers from Streamlite Corporation, agreeing to pay about $17,000. Streamlite, in order to build the trailers, borrowed $11,000 from the bank, and as security for that loan entered into a trust receipt arrangement under the Illinois Uniform Trust Re-

ceipts act [1], and assigned to the bank its rights to any money due under the purchase order. The government accepted delivery of the trailers and referred the matter to its General Accounting Office. Thereafter the government refused to pay plaintiff, stating that Streamlite was indebted to it in excess of $17,000 for past due taxes (not arising out of this contract). Plaintiff had no notice of this tax indebtedness when it advanced money to Streamlite. To give the district court jurisdiction of the subject matter of this suit, plaintiff reduced its claim to $10,000.

The district court, in entering judgment for the government, did so on the theory that the government had a right to set off the past due taxes against the purchase price of the trailers, as against the bank. Whether this right of set-off exists under the circumstances is the contested issue here.

[1] 28 U.S.C.A. § 1346(c), under which this suit is brought, expressly recognizes that:

"The jurisdiction conferred by this section includes jurisdiction of any *set-off*, counterclaim, or other claim or demand whatever on the part of the United States against any plaintiff commencing an action under this section." (Emphasis supplied.)

This is statutory recognition that the government has a right to present a set-off against a plaintiff commencing an action under this section. The statute does not limit such set-off to the subject matter of the claim sued on. Under a prior statute [2] which required a United States district attorney to file in suits against the government, "a notice of any counter-claim, set-off, claim for damages, or other demand or defense whatsoever of the Government in the premises" (which language insofar as it differs from the present statute, is somewhat limited as to the scope of a set-off), we

held in United States v. Harris, 7 Cir., 77 F. 821, at page 825, that a right of set-off by the government is not affected by an assignment of the claim to the one who sues the government upon it.

We conclude that the district court properly allowed the government's set-off against the bank's claim and hence, it is unnecessary for us to consider the questions raised by the government as to the assignability of Streamlite's claim in view of the provisions of 31 U.S.C.A. § 203 and 41 U.S.C.A. § 15. We consider that the manner in which the bank's interest in the purchase price of the trailers was created is of no significance. Under applicable federal law, the bank had no greater rights to the purchase money than Streamlite would have had. If the result, as it affects the bank, appears harsh, it should be remembered that it knew that it was dealing with the holder of a government contract. It was bound to ascertain the applicable federal law. If it had done so, it would have known before it advanced its money to Streamlite that possible unpaid taxes of the latter could be set off by the government against the bank's claim to the proceeds of the sale of the trailers by Streamlite to the government. While Congress has provided [3] that "Any contract of the Department of Defense, the General Services Administration, the Atomic Energy Commission, or any other department or agency of the United States designated by the President, * * * may * * * provide or be amended without consideration to provide that payments to be made to the assignee of any moneys due or to become due under such contract shall not be subject to reduction or set-off, * * *" and be given effect accordingly, no showing has been made that this provision has, by designation of the President, been made applicable to the Public Housing Administration. Moreover, it appears that any intention to apply that provision to the instant

---

1. Ill.Rev.Stat., c. 121½, §§ 166–187 (1953),

2. R.S. § 3477, 24 Stat. 506 (1887).

3. 31 U.S.C.A. § 203.

contract was expressly negatived by apt language inserted therein.

The judgment from which an appeal has been taken is affirmed.

FINNEGAN, Circuit Judge.   I concur in the result.